# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ALEJANDRO CASTANEDA,  ) | |
| ) | |
| Petitioner,  ) | |
| ) | |
| v.  ) | CIVIL ACTION NO. |
| ) | 2:11-cv-4049-AKK-PWG |
| ) | |
| CHRIS CURRY, Sheriff of  ) | |
| Shelby County, Alabama, and  ) | |
| THE ATTORNEY GENERAL OF  ) | |
| THE STATE OF ALABAMA,  ) | |
| ) | |
| Respondents.  ) | |

| | |
|---|---|
| ALEJANDRO CASTANEDA,  ) | |
| ) | |
| Petitioner,  ) | |
| ) | |
| v.  ) | CIVIL ACTION NO. |
| ) | 2:12-cv-101-JFG-PWG |
| ) | |
| CHRIS CURRY, Sheriff of  ) | |
| Shelby County, Alabama, and  ) | |
| THE ATTORNEY GENERAL OF  ) | |
| THE STATE OF ALABAMA,  ) | |
| ) | |
| Respondents.  ) | |

## MEMORANDUM OPINION

Both of the above-styled actions were filed by Alejandro Castaneda ("petitioner"), who is now an Alabama state prisoner acting *pro se*. The first action,

Civil Action Number 2:11-4049-AKK-PWG (the "2011 Case"), was filed on November 28, 2011. The second, Civil Action Number 2:11-0101-JFG-PWG (the "2012 Case"), was filed on January 3, 2012.[1] Both actions seek a writ of habeas corpus relative to the prosecution of the petitioner on a charge of murder in the Circuit Court of Shelby County, Alabama. Both actions are due to be dismissed without prejudice for failure to exhaust state remedies.

At the time that the petitioner filed the 2011 Case, he had been indicted on a charge of capital murder, and had pled guilty to a charge of murder. Petitioner had not yet been sentenced, however. Petitioner claimed that his guilty plea was not knowing and voluntary, and he also appears to challenge the assistance provided by his attorney. Although that petition was on the pre-printed form for use by state prisoners challenging a conviction pursuant to 28 U.S.C. § 2254, because his conviction was not yet final, the magistrate judge treated the petition as seeking relief under the general habeas statute, 28 U.S.C. § 2241. *See Hughes v. Attorney Gen. of Fla.*, 377 F.3d 1258, 1261-62 (11th Cir. 2004). On December 2, 2011, the magistrate judge entered a report and recommendation in the 2011 Case, recommending that the

---

[1]The clerk formally docketed the petition in the 2011 case on November 30, 2011, and the petition in the 2012 case on January 12, 2012. For present purposes, those cases are deemed filed on the dates provided in the text, based upon the "prison mailbox rule" and the dates that the respective petitions were signed. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

action be dismissed without prejudice. (Doc. 3 in the 2011 case). This was so, the magistrate judge concluded, because the petitioner had not first exhausted available state remedies, *see Georgalis v. Dixon*, 776 F.2d 261 (11th Cir. 1985); *Walker v. Zant*, 693 F.2d 1087 (11th Cir. 1982); *Hughes v. Attorney Gen. of Fla.*, 377 F.3d 1258, 1262 n. 4 (11th Cir. 2004), and because the Alabama state criminal prosecution was still ongoing at the trial level. *See Younger v. Harris*, 401 U.S. 37 (1971); *Hughes*, 377 F.3d at 1262-64. The petitioner was afforded an opportunity to file objections to the magistrate's report by December 19, 2011, but the petitioner did not do so.

Instead, the petitioner filed the 2012 Case on January 3, 2012. Although that action challenges the same Shelby County murder prosecution at issue in the 2011 Case, the clerk has assigned it a separate case number. In his petition in the 2012 Case, the petitioner indicates that he has now been sentenced to 25 years imprisonment based on his guilty plea to the murder charge. (Doc. 1 in the 2012 Case). He again seeks habeas relief based on a challenge to the validity of his guilty plea. The petition shows, however, that the petitioner has not yet appealed or otherwise sought relief available in the Alabama state courts relative to his conviction or sentence. With the filing of the petition in the 2012 Case, the petitioner has also filed a "Motion for Injunction Preventing the Transfer of Custody from Shelby

County Jail." (Doc. 3 in the 2012 Case). The petitioner states summarily in that motion that he is entitled to such relief "in the interest of justice." (*Id.*)

The court has carefully reviewed *de novo* the magistrate judge's report and all of the other materials in the respective court files in both the 2011 Case and the 2012 Case. The court is of the opinion that the magistrate judge's findings in the 2011 Case are due to be and are hereby ADOPTED and his recommendation is ACCEPTED. Even assuming that *Younger* abstention may no longer be applicable because the petitioner has since been sentenced in the state court, the materials before the court establish that the petitioner has not exhausted remedies that are available in the Alabama state courts. As such, the 2011 Case is due to be DISMISSED WITHOUT PREJUDICE.

Because the 2012 Case was filed after the petitioner was sentenced, he is now a person in custody pursuant to the judgment of a state court for purposes of 28 U.S.C. § 2254. *See* 28 U.S.C. § 2254(a); *Burton v. Stewart*, 549 U.S. 147, 156 (2007); *Harris v. Allen*, 683 F. Supp. 2d 1284 (M.D. Ala. 2010). Before habeas relief may be granted under § 2254, an applicant generally must have first exhausted remedies available in the state courts. 28 U.S.C. § 2254(b). The petitioner plainly has not done so, with regard to any claim, whether in relation to the validity of his guilty plea or whether his counsel provided ineffective assistance. Accordingly, the

2012 Case is also due to be DISMISSED WITHOUT PREJUDICE to allow exhaustion of state remedies. Petitioner's "Motion for Injunction Preventing the Transfer of Custody from Shelby County Jail" (Doc. 3 in the 2012 Case) is due to be DENIED. A separate final order will be entered.

DONE the 20th day of January 2012.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE